UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN CUTTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06-CV-41 CAS |
| | ) |
| JANIS BERRY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants Janis Berry and Phillip Jones' motion to dismiss plaintiff John Cutts' first amended complaint, and plaintiff's motion for leave to file a second amended complaint, filed in response to defendants' motion to dismiss. For the following reasons, the Court will grant defendants' motion to dismiss and will deny plaintiff's motion for leave to amend the complaint on the basis that amendment would be futile.

**Background**.

Plaintiff John Cutts filed this action pro se in January 2006 seeking modification of a child support order based on changed circumstances. Plaintiff's initial complaint named the State of Missouri as the only defendant. After the defendant filed a motion to dismiss, plaintiff filed a first amended complaint which dropped the State of Missouri and named as defendants Janis Berry and Phillip Jones in their official capacities.

The first amended complaint alleges that plaintiff requested an employee of the Central Modifications Unit of the Missouri Division of Child Support Enforcement, defendant Berry, to review an existing child support order, and that Berry forwarded the request to a Child Support Enforcement Investigator. See First Amended Complaint at 1. Plaintiff alleges that the Child

Support Enforcement Investigator determined that a modification of the child support order was warranted, and she forwarded the case to an Assistant Attorney General of the State of Missouri, who petitioned Division 65 of the Circuit Court of St. Louis County, Missouri, for modification of the order. See First Amended Complaint at 1. Plaintiff alleges that defendant Jones, a Family Court Commissioner of St. Louis County, Missouri, presides in Division 65. The case was dismissed for failure to prosecute. Id. at 2. Plaintiff unsuccessfully sought reconsideration from defendant Jones, and then requested that the decision be reviewed by a St. Louis County Circuit Judge, but the request was denied. Id.

Plaintiff brings this action under 42 U.S.C. § 1983, alleging that he has been deprived of a statutory right to have his child support order modified pursuant to Title IV-D of the Social Security Act, 42 U.S.C. § 666(a)(10)(B). Plaintiff alleges that defendant Berry "found out that a modification [of the child support order] was warranted and did not modify the order," id. at 3, and that Jones was alerted by the State of Missouri that modification of the child support order was justified, but "overlooked those facts" and deprived plaintiff "of the right to modification set forth in 42 U.S.C. § 666(a)(10)(B)." Id. at 3-4. Plaintiff seeks $75,000.00 in actual and punitive damages and an order causing his child support obligation to be modified.

The defendants move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure, on the grounds that the Eleventh Amendment bars plaintiff's claims against them in their official capacities, and also move to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Fed. R. Civ. P.

**Legal Standard**.

A complaint will not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim

entitling her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Midwestern Machinery, Inc. v. Northwest Airlines, Inc., 167 F.3d 439, 441 (8th Cir. 1999). This standard applies equally to a motion to dismiss for lack of subject matter jurisdiction which asserts a facial challenge under Rule 12(b)(1). See Titus v. Sullivan, 4 F.3d 590, 593 & n.1 (8th Cir. 1993); Satz v. ITT Financial Corp., 619 F.2d 738, 742 (8th Cir. 1980). The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to present evidence in support of his claim. Conley, id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). "At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." Hanten v. School Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999) (quoted case omitted). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997).

**Discussion**.

  **A. Eleventh Amendment**.

  Defendants first move to dismiss for lack of subject matter jurisdiction on the basis that the Eleventh Amendment bars plaintiff's claims against them in their official capacities. A claim against a public official in his or her official capacity is merely another way of pleading an action directly against the public entity itself. Hafer v. Melo, 502 U.S. 21, 25 (1991). State officials in their official capacity are not persons amenable to suit under Section 1983. Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001). Thus, suits against public officials in their official capacity should be treated as suits against the public entity. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)); Liebe v. Norton, 157 F.3d 574, 578 (8th Cir. 1998).

3

Defendant Berry is alleged to be an employee of the Missouri Department of Social Services. As a result, plaintiff's claim against Berry is treated as a suit against the Missouri Department of Social Services. Sovereign immunity extends to states and "arms" of the state. Alden v. Maine, 527 U.S. 706, 756 (1999); Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Nixon, 210 F.3d 814, 819 (8th Cir.), cert. denied, 531 U.S. 958 (2000). State agencies may assert the Eleventh Amendment immunity of the State. See, e.g., Edelman v. Jordan, 415 U.S. 651 (1974); Texas Community Bank, N.A. v. State of Mo. Dep't of Social Servs., 232 F.3d 942, 943 (8th Cir. 2000) (Missouri Department of Social Services, as an agency of the State of Missouri, was entitled to Eleventh Amendment immunity). Plaintiff's claim against the Missouri Department of Social Services for money damages is therefore barred by the Eleventh Amendment and should be dismissed.

Plaintiff's request for non-monetary relief, modification of the child support order, may not be barred by the Eleventh Amendment. See Edelman, 415 U.S. at 667 (claims against state officers which seek only prospective relief are not barred by the Eleventh Amendment). However, "this exception is available only when a plaintiff seeks to vindicate a *federal* right." Grand River Enters. Six Nations, Ltd. v. Beebe, __ F.3d __, No. 06-2504, slip op. at 5, (8th Cir. Oct. 18, 2006). Because the defendants did not discuss plaintiff's claim for non-monetary relief, the Court will assume for purposes of the instant motion to dismiss that the claim is not barred by the Eleventh Amendment.

Defendant Jones is alleged to be an employee of St. Louis County, Missouri. The defendants do not challenge this assertion. Because Jones was sued in his official capacity, the Court treats plaintiff's claim against him as a suit against St. Louis County, Missouri. "It is well settled that a suit against a county, a municipality, or other lesser governmental unit is not regarded as a suit against a state within the meaning of the Eleventh Amendment." Gilliam v. City of Omaha, 524 F.2d 1013,

1015 (8th Cir. 1975). Plaintiff's claim against St. Louis County, Missouri is therefore not barred by the Eleventh Amendment.

Because the defendants' arguments concerning Eleventh Amendment immunity do not dispose of plaintiff's non-monetary claims against the Missouri Department of Social Services or his claims against defendant Jones, the Court turns to their arguments under Rule 12(b)(6).

**B. Motion to Dismiss for Failure to State a Claim**.

The defendants move to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted, on several grounds. First, defendants assert that plaintiff fails to state a claim under Section 1983, because there is no private right of action under the Social Security Act under Blessing v. Freestone, 520 U.S. 329 (1997). The defendants also assert that (1) a violation of state law cannot be a basis for an action under Section 1983, (2) plaintiff fails to allege that defendant Berry had the authority to modify a judicial order of support, and (3) defendant Jones is entitled to absolute judicial immunity. The Court concludes that defendants' first assertion is dispositive, as plaintiff has no private right of action under Title IV-D of the Social Security Act.

"In order to seek redress through § 1983, . . . a plaintiff must assert a violation of a federal *right*, not merely a violation of federal *law*." Id., 520 U.S. at 340. In Blessing, the Supreme Court held that custodial parents of children eligible to receive child support under Title IV-D did not have a private right of action against a state under Section 1983 to obtain "substantial compliance" with the title's provisions, as "Title IV-D was not intended to benefit individual children and custodial parents," id. at 343, and that custodial parents have no right to compel a State's substantial compliance with all aspects of Title IV-D. Id. at 344-45. The Court did not, however, "foreclose the possibility that some provisions of Title IV-D give rise to individual rights." Id. at 345. Thus, defendants' blanket assertion that Blessing necessarily forecloses plaintiff's claim is not correct.

Blessing requires parties such as plaintiff to "identify with particularity the rights . . . claimed," id. at 342, so the court may "ascertain whether each separate claim satisfies the various criteria . . . for determining whether a federal statute creates rights." Id. In this case, plaintiff alleges that 42 U.S.C. § 666 requires each State to "have in effect laws requiring the use of the following procedures, consistent with this section." See 42 U.S.C. § 666(a). Plaintiff relies specifically on subsection (a)(10)(B), which he contends states, "[T]he State shall review and, if the requesting party demonstrates a substantial change of circumstances, adjust the [child support] order in accordance with the guidelines . . . ." 42 U.S.C. § 666(a)(10)(B). Plaintiff asserts that as a result of this language, he has right to a child support modification under § 666(a)(10)(B), which the defendants have refused to enforce.

Consistent with the Supreme Court's teaching in Blessing, the Court will not conclude that the particular language relied on by plaintiff creates an individually-enforceable federal right unless plaintiff establishes the following three criteria, that: (1) Congress intended the provision in question to benefit the plaintiff; (2) the right asserted is not so "vague or amorphous" as to strain judicial competence through enforcement; and (3) the provision is set forth in mandatory language and imposes a binding obligation on the states. See Wright v. City of Roanoke Redevel. & Housing Auth., 479 U.S. 418, 430-32 (1987); Walters v. Weiss, 392 F.3d 306, 311-12 (8th Cir. 2004) (holding that Title IV-D, 42 U.S.C. § 657(a), does not create an individually-enforceable federal right).

In making this determination, the Supreme Court has stated that courts should consider the "text and structure" of the statute in question to determine whether it explicitly confers individual rights upon a class of beneficiaries that includes the plaintiff, clearly imparts an "individual entitlement" and has an "unmistakable focus on the benefited class." Gonzaga University v. Doe, 536

U.S. 273, 286-87 (2002). The Supreme Court has instructed that Congress likely did not intend to impart such entitlements in cases where (1) statutes have an "aggregate" focus rather than a focus on whether the needs of any particular person have been satisfied; (2) statutes speak only in terms of institutional policy and practice; (3) a statutory provision references the individual only in the context of describing the type of policy or practice that will trigger a funding prohibition; and (4) a provision allows a state entity to avoid a loss of federal funds through substantial compliance. Id. at 286-88.

In this case, plaintiff's claim does not allege violation of a law that confers upon him specific, individualized rights. Plaintiff's claim is brought under Title IV-D, which is codified in 42 U.S.C. §§ 601-669. Section 666 is entitled "Requirement of statutorily prescribed procedure to improve effectiveness of child support enforcement." Section 666's requirements include nineteen separate procedures, each with accompanying subsections. The statute generally requires that states pass laws and regulations for collecting child support with liens and withholding from income, as well as rules regarding the establishment of paternity. The language of the statute is directed toward the states--not individuals--for purposes of improving child-support administration and lessening the need for public assistance. Section 666(a)(10)(B), the subsection on which plaintiff relies, requires a state to establish procedures for providing notice to parents not less than once every three years, informing them of their right to request the State to review, and if appropriate, adjust a child support order being enforced under Title IV-D. See 42 U.S.C. § 666(a)(10)(A)-(B).[1]

---

[1]Plaintiff's quotation of the relevant subsection of the statute omitted material portions of its language. Section 666(a)(10)(B), which is titled "Proof of substantial change in circumstances necessary in request for review outside 3-year cycle," provides that states must have in effect laws to establish:

> Procedures under which, in the case of a request for review, and if appropriate, an adjustment outside the 3-year cycle (or such shorter cycle as the State may determine) under clause (I), the State shall review and, if the requesting party demonstrates a substantial change in circumstances, adjust the order in accordance with the guidelines

7

Nothing in the statute unambiguously confers rights upon plaintiff that he may enforce, or indicates that Congress intended for the law in question to benefit individual parents. As a result, the Court concludes that plaintiff does not possess individual rights to enforce the State of Missouri's alleged violation of Section 666(a)(10)(B)'s provisions. Cf. Brinkley v. Hill, 981 F. Supp. 423, 440 (W. Va. 1997) (holding that Congress did not intend individual plaintiffs to be the beneficiaries of 42 U.S.C. § 666, but rather intended the section to serve as a guideline to help the states improve their processes of efficient child support collection).

For these reasons, the Court concludes that plaintiff fails to state a claim upon which relief can be granted, because he cannot assert the violation of a federal right, which is a necessary predicate for an action under 42 U.S.C. § 1983. See Blessing, 520 U.S. at 340. Plaintiff also cannot obtain the non-monetary relief he seeks, because he does not allege the violation of a federal right. See Grand River Enters., slip op. at 5. Because the Court concludes that plaintiff cannot state a claim under Section 1983 based on an alleged violation of Title IV-D of the Social Security Act, it does not discuss the defendants' other arguments in support of dismissal for failure to state a claim.

**C. Motion for Leave to Amend**.

In response to defendants' motion to dismiss the first amended complaint, plaintiff seeks leave to amend his complaint to assert claims against defendants Berry and Jones in their individual as well as official capacities, and has submitted a proposed second amended complaint. The proposed second amended complaint is virtually identical to the first amended complaint except that it (1) adds individual capacity claims against the two defendants; (2) requests injunctive relief to prevent the

---

established pursuant to section 667(a) of this title.

42 U.S.C. § 666(a)(10)(B). Plaintiff's quotation of the statute included only the language beginning with, "the State shall review . . . ."

State of Missouri from making any entries on plaintiff's credit report for the next five years and to require it to remove all entries previously made; and (3) omits a request that the child support order be modified. See proposed Second Amended Complaint, attached as an exhibit to plaintiff's motion for leave to file second amended complaint. [Doc. 14]

Although leave to amend a complaint is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether or not to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

The Supreme Court's decision in Ex Parte Young, 209 U.S. 123, 155-56, 159, 166-68 (1908), permits a private party to receive prospective injunctive relief in federal court against a state official, even if the Eleventh Amendment otherwise protects the state and its officials from being sued in federal court. Bradley v. Arkansas Dept. of Educ., 189 F.3d 745, 753-54 (8th Cir. 1999), vacated in part, reh'g en banc granted in part sub nom Jim C. v. Arkansas Dep't of Educ.,197 F.3d 958 (8th Cir. 1999). Nonetheless, the Court concludes that plaintiff's proposed amendment is futile. Even if plaintiff were granted leave to amend his complaint to assert claims against the defendants in their individual capacities, he cannot state a claim under Section 1983 based on an alleged violation of 42 U.S.C. § 666(a)(10)(B), because, as discussed above, plaintiff does not allege the violation of a federal right. Plaintiff's motion for leave to amend, and motion to file out of time, should therefore be denied.

9

**Conclusion**.

For the foregoing reasons, the Court concludes that defendants' motion to dismiss plaintiff's first amended complaint should be granted, and plaintiff's motions for leave to file a second amended complaint and for leave to file out of time should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss plaintiff's first amended complaint is **GRANTED**.  [Doc. 12]

**IT IS FURTHER ORDERED** that plaintiff's motions for leave to file his second amended complaint and for leave to file out of time are **DENIED**.  [Doc. 14, 17]

An appropriate order of dismissal will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of October, 2006.